UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>v.<br><br>RENEA BARNES,<br><br>　　　　　Defendant. | Case No. 2:19-cr-00133-APG-VCF<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE<br><br>[ECF No. 420] |

Defendant Renea Barnes pleaded guilty to conspiracy to distribute methamphetamine and was sentenced to 48 months in custody. ECF No. 379.  She has served less than one year of that sentence.  She now moves for compassionate release under 18 U.SC. § 3582(c)(1)(A) because she suffers from hypertension, high cholesterol, and a foot injury, and she believes she is not receiving adequate medical care from the Bureau of Prisons (BoP). ECF No. 420.  The United States opposes the request.

The compassionate release statute requires a defendant to exhaust all administrative remedies before moving for relief from the court. 18 U.S.C. § 3582(c)(1)(A).  The United States concedes Barnes has exhausted her administrative remedies.

I may reduce a sentence under 18 U.S.C. § 3582(c)(1)(A)(i) if there are "extraordinary and compelling reasons."  I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission," including the requirement that the defendant "is not a danger to the safety of any other person or to the community." 18 U.S.C. § 3582(c)(1)(A)(i) (referring to U.S.S.G. § 1B1.13(2)).

No doubt, the COVID-19 virus presents a risk to all incarcerated people.  It also presents a risk to citizens who are not incarcerated.  Barnes's health issues may place her at a higher risk, but the BoP has taken steps to treat and prevent the spread of the virus, and at FCI Waseca there are no reported cases at present. *See* Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed March 27, 2023).  Barnes has been vaccinated against COVID-19.  The availability of a COVID-19 vaccine at the prison undercuts the finding of an extraordinary and compelling reason for compassionate release. *U.S. v. McRae*, 2022 WL 803978 at *2 (10th Cir. Mar. 17, 2022).

Barnes's condition is not extraordinary and compelling.  Hypertension and high cholesterol levels are not uncommon for a person her age.  To the extent she claims she is not receiving adequate medical care (which seems to be contradicted by her records), the appropriate avenue is for her to file a civil rights lawsuit under the Eighth Amendment.

I applaud Barnes on her efforts to better herself and help others while she is incarcerated. Hopefully, the new skills she is learning will help her succeed when she exits custody.  But her present condition does not present "extraordinary and compelling" reasons to justify releasing her early.  I therefore deny Barnes's motion for compassionate release (ECF No. 420).

DATED THIS 28th day of March, 2023.

_____
Andrew P. Gordon
UNITED STATES DISTRICT JUDGE